Michael M. Feinberg, OSB No. 891660
Diana K. Carey (*pro hac vice* application pending)
Karr Tuttle Campbell
701 Fifth Avenue -Suite 3300
Seattle, WA 98104
Telephone: 206.223.1313
Facsimile: 206.682.7100
dcarey@karrtuttle.com
mfeinberg@karrtuttle.com

Ilan Markus (*pro hac vice* application to be filed)
545 Long Wharf Drive, Ninth Floor
New Haven, CT 06511
Telephone: 203.672.3212
Facsimile: 203.672.3231
ilan.markus@leclairryan.com

Janice B. Grubin (*pro hac vice* application to be filed)
885 Third Avenue - Sixteenth Floor
New York, NY 10022
Telephone: 212.634.5016
Facsimile: 212.634.5062
Janice.grubin@leclairryan.com

Attorneys for The Peregrine Trust

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON**

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 12-30656-rld11** |
| | ) | |
| **American Amex, Inc., a Nevada Corporation,** | ) | |
| | ) | **OBJECTION TO NOTICE OF** |
| **Debtor.** | ) | **INTENT TO SELL, OVERBID** |
| | ) | **AND RESERVATION OF** |
| | ) | **RIGHTS** |
| | ) | |

The Peregrine Trust (the "Trust"), through its duly-appointed sole trustee, Erwin Singh

Braich, by and through its undersigned counsel, hereby objects to the Notice of Intent to Sell,

OBJECTION TO NOTICE OF INTENT TO SELL,
OVERBID AND RESERVATION OF RIGHTS - 1

Karr Tuttle Campbell
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Case 12-30656-rld7   Doc 400   Filed 01/02/15

dated December 10, 2014 (the "Notice to Sell"), submitted by Mr. Kenneth S. Eiler, Chapter 7

Trustee (the "Bankruptcy Trustee") of the estate of American Amex, Inc., a Nevada Corporation

(the "Debtor"). In support thereof, the Trust respectfully states as follows:

## BACKGROUND

1.      On December 10, 2014, the Bankruptcy Trustee filed the Notice to Sell stating

that it was his intention to sell estate property -- known as the Buffalo Mine and the claims

known as the Cox Mine and the Blue Ribbon Mine, consisting of the Debtor's patented and

unpatented mining claims, together with the real property and improvement associated therewith

(collectively, the "Buffalo Mine") – to Black Diamond Financial Group LLC ("BDFG") and/or

its assigns for a gross sales price of $25,000,000.00, pursuant to a signed Letter of Intent

attached to the notice. The Bankruptcy Trustee further indicated in the Notice to Sell that

overbids must exceed the offer from BDFG by at least $250,000.00.

2.      By Order entered December 22, 2014, this Court granted the Bankruptcy

Trustee's Motion to Vacate Prior Sale Orders, and vacated its two prior orders, dated

December 4, 2013 and June 25, 2014 (the "Sale Orders"), authorizing the sale of the Buffalo

Mine to Mr. Braich, in his capacity as sole trustee of the Trust. The Motion to Vacate was filed

on December 11, 2014 and heard and granted, from the bench, on December 12, 2014.

3.      The Sale Orders were the culmination of almost four years of pre and postpetition

negotiations and litigation.

## OBJECTION

4.      As the Bankruptcy Trustee recognizes, the Sale Orders are binding upon him,

absent their vacatur.

OBJECTION TO NOTICE OF INTENT TO SELL,
OVERBID AND RESERVATION OF RIGHTS - 2

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

5.     Given the exhaustive efforts that generated the Sale Orders, any change to those orders, be it vacating or modification, would warrant a strict review.

6.     None of that occurred here.

7.     The Trust respectfully submits that the vacating of the Sale Orders under the December 12, 2014 bench ruling and the December 22, 2014 Order constituted a violation of the Trust's due process rights.  Not to mention the impact on creditor recoveries, since the Trust's offer under the Sale Orders pertains to the Debtor's primary asset.  Under any scenario, and surely under the protracted facts presented by this almost three year old bankruptcy case, one days' notice is simply insufficient to give parties in interest a meaningful opportunity to be heard and for the Bankruptcy Trustee to satisfy his burden of establishing a reasonable and fair basis – supported by evidence at a hearing -- to vacate the Sale Orders.

8.     As the United States Supreme Court noted

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Milliken v. Meyer, 311 U.S. 457; Grannis v. Ordean, 234 U.S. 385; Priest v. Las Vegas, 232 U.S. 604; Roller v. Holly, 176 U.S. 398. The notice must be of such nature as reasonably to convey the required information, Grannis v. Ordean, supra, and it must afford a reasonable time for those interested to make their appearance, Roller v. Holly, supra, and cf. Goodrich v. Ferris, 214 U.S. 71 .

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313-14, 70 S.Ct. 652, 656-57, 94 L.Ed. 865 (1950).

9.     The Trust plans to file a motion to vacate the December 22, 2014, Order shortly, in which it will fully set out the facts, circumstances and law to support its request for a vacatur

OBJECTION TO NOTICE OF INTENT TO SELL,
OVERBID AND RESERVATION OF RIGHTS - 3

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Case 12-30656-rld7    Doc 400    Filed 01/02/15

of the December 22, 2014 Order. In the interests of preserving its rights in the meantime, however, the Trust submits the following Overbid.

## **OVERBID**

10.     Alternatively, the Trust submits an overbid for the Buffalo Mine in the amount of $27.5 million, as set forth in the term sheet attached hereto as Exhibit A.

## **RESERVATION OF RIGHTS**

11.     The Trust reserves the right to supplement this Objection.

Dated this 2nd day of January, 2015.

Attorneys for The Peregrine Trust

KARR TUTTLE CAMPBELL

/s/ *Michael M. Feinberg*

Michael M. Feinberg, OSB No. 89166
Diana K. Carey, WSBA No. 16239 (*pro hac vice*
application pending)

-and-

LECLAIR RYAN, A PROFESSIONAL CORPORATION

Ilan Markus (pro hac vice application to be filed)
Janice B. Grubin (*pro hac vice* application to be filed)

OBJECTION TO NOTICE OF INTENT TO SELL,
OVERBID AND RESERVATION OF RIGHTS - 4

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2015, I caused to be served a true and correct copy of the **OBJECTION, OVERBID AND RESERVATION OF RIGHTS** on all ECF participants as indicated in the Court's CM/ECF system, and an email to the Trustee as follows: Kenneth.eiler7@gmail.com.

I also certify that on January 2, 2015, I served the above-reference documents via first class mail to the party of record addressed as follows:

> Janice Marie Cone
> 251 W Idaho Avenue #66
> Ontario, OR 97914

Dated this 2nd day of January, 2015

/s/ Diana K. Carey

_____

Diana K. Carey
Attorney for The Peregrine Trust

OBJECTION TO NOTICE OF INTENT TO SELL,
OVERBID AND RESERVATION OF RIGHTS - 5

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Case 12-30656-rld7    Doc 400    Filed 01/02/15

EXHIBIT A

# AMERICAN AMEX, INC.
## TERM SHEET

| | Deal term | Proposal |
|---|---|---|
| 1. | Proposed Transaction | **The Peregrine Trust**, through its sole trustee Erwin Singh Braich, would acquire certain assets (the "**Transaction**") of **American Amex, Inc.**, a Nevada corporation ("**Seller**"), currently in a [chapter 7] bankruptcy proceeding in the United States Bankruptcy Court for the Oregon ("Bankruptcy Court"), Case No. 12-30656-RLD7, through its Trustee, Kenneth S. Eiler. As such, the Transaction is subject to approval of the Bankruptcy Court ("**Court Approval**"). This Term Sheet contains the entire agreements between the parties and supersedes any prior agreements related to this Transaction. *between the parties* *ESB* |
| 2. | Purchased Assets | Buffalo Mine, the Cox Mine, The Blue Ribbon Mine, and any other mining claims owned by Seller, including patented and unpatented mining rights, and to include all real and personal property, intellectual proeperty, leases, etc. (the "**Purchased Assets**"). The Purchased Assets would be acquired free and clear of liens and interests, "as is where is," with no further due diligence, subject only to the conditions in Paragraph 6. |
| 3. | Assumed Liabilities | Purchaser would assume only those liabilities arising from the Purchased Assets after Closing, plus the commission claim owed to Luis F. Morales, Oregon Real Estate Broker on behalf of Timothy M. McFadden, Oregon Real Estate Broker (Deceased) and Janifer McFadden Sweeney ("**Commission**," and collectively with post-closing liabilities, the "**Assumed Liabilities**"). Purchaser would not assume any Excluded Liabilities (defined below). |
| 4. | Excluded Liabilities | "**Excluded Liabilities**" means all liabilities of Seller, whether arising prior to or after Closing, other than the Assumed Liabilities. Without limiting the generality of the foregoing, the following would be Excluded Liabilities: any indebtedness, any taxes of Seller, rent, lease and any other liabilities of Seller relating to the operation of Seller's business prior to the Closing, contractual liabilities (whether for breach or otherwise), payroll, accounts payable, amounts owing to suppliers, contingent liabilities, liabilities for torts. |
| 5. | Purchase Price and Payment | Purchaser would acquire the Purchased Assets for the total price of Twenty-seven Million, Five-hundred thousand and 00/ dollars ($27,500,000.00) as follows:<br>• $250,000 to be put in escrow as a deposit ("*Deposit*"), to |



*Friday,*
*January*
*Sixteenth*
*2015*
*2 PM*

*Buyer's* ✓ *Diana Carey's*
*firm* ✓

be placed into the trust account of ~~Seller's~~ counsel no later than January ~~9~~, 2015, with evidence of such deposit to be provided ~~to~~ Trustee.   The Deposit shall be refundable in the event there is no Court Approval.

- $13,000,000 (to include the Deposit) to the Trustee at Closing;
- $2,000,000 at Closing as the Commission, payable to the Estate of McFadden or as otherwise directed by Luis F. Morales
- By a promissory note (the "***Promissory Note***") issued at Closing (subject to terms outlined below) in the amount of $12,500,000.

*Added →* - *A counterpart endorsed by Mr. Eilers returned*

| | | |
|---|---|---|
| 6. | Promissory Note/ Condition Precedent | $12,500,000.00 will be payable pursuant to a Promissory Note, without interest, payable only in the event that the Trustee is able to deliver insurable and clear title to the unpatented mining rights, including the related leases, and access to the dumps and tailings for processing, loading, storage, hauling and transport ("Unpatented Mining Rights"). Purchaser understands that adjudication of the property rights to the Unpatented Mining Rights may be subject to counter claims and final action of the Bankruptcy.  Resolution of the Seller's rights to the Unpatented Mining Rights, satisfactory to the Purchaser, is a condition precedent to payment of the Promissory Note, which payment shall be made thirty (30) days following such resolution. If the Seller is unable to deliver insurable and clear title to the Unpatented Mining Rights, the Promissory Note shall be null and void. |
| 7. | Settlement with Estate of MacFadden | Upon receipt of $2,000,000 in cash payment from Purchaser at Closing, Luis F. Morales, Oregon Real Estate Broker on behalf of Timothy M. McFadden, Oregon Real Estate Broker (Deceased) and Janifer McFadden Sweeney agrees NOT to pursue any of the parties involved in any future litigation or claims regarding the sale of Buffalo, Cox & Blue Ribbon mines in the State of Oregon. |
| 8. | Transaction Expenses | Each party is responsible for all of its transaction expenses (including, without limitation, for its agents, attorneys, accountants, investment bankers, experts/consultants, and associated expenses) in connection with the consummation of the Transaction. |
| 9. | Closing | Closing shall be on or about February 11, 2015 or fifteen (15) |

| | | days after Court Approval, whichever is later, unless otherwise agreed between the parties. |
|---|---|---|
| 10 | Definitive Agreement | It is contemplated that a Definitive Agreement will be entered into, following mutual acceptance of this Term Sheet. |
| 11 | Non-Binding | Except for the "Transaction Expenses," "Governing Law" and this Section '"Non-Binding," sections of this Term Sheet, which shall be legally binding on the parties hereto in accordance with their respective terms, prior to Court Approval and execution of a Definitive Agreement, the Term Sheet is not intended to, nor shall it, create a binding legal obligation, or any obligation, by any of the parties to this Term Sheet to enter into any transaction. This Term Sheet is not deemed to include any representation (express or implied) by either party to the other. |
| 12 | Governing Law | This Term Sheet and any Definitive Agreement shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Oregon, without regard to its conflict of laws principles, and would also be governed by the Bankruptcy Code. Venue for any disputes arising under this Term Sheet, Definitive Agreement or otherwise relating to the Transaction, will be the Bankruptcy Court. |

Dated as of this _2nd_ day of January 2015.

Witnessed By:

_Lillian Li_

THE PEREGRINE TRUST

By: _____
    Erwin Singh Braich, its Sole Trustee

Accepted:

AMERICAN AMEX, Inc.

By: _____
    Kenneth S. Eiler, Trustee



-3-

#960285 v1 / 45646-001